UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL R. CONLEY,

    Petitioner,

v.                                  Case No. 8:21-cv-2681-CEH-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

    Petitioner, formerly a Florida inmate, initiated this action by petitioning for the writ of habeas corpus under 28 U.S.C. § 2254 ("petition") (Doc. 1). He subsequently filed an amended petition in which he challenges convictions for tampering with a witness, aggravated battery, aggravated assault, felony battery, criminal mischief, and violation of pretrial release (Doc. 6). Respondent moves to dismiss the petition as time barred (Doc. 15), which Petitioner opposes (Doc. 16). Upon consideration, the petition will be denied as time barred and without merit.

### Procedural Background

    On February 22, 2019, Petitioner pleaded guilty to all charges and was sentenced to 7.5 years in prison followed by two years on probation (Doc. 15-2, Exs. 3-4). He did not appeal.

1

On April 26, 2019, Petitioner filed a "Motion for Clarification of Sentence and Motion for Credit of Time Served" in which he moved the trial court to award him another 13 days of jail credit and to clarify whether his prison sentence was 7 years and 5 months or 7 years and 6 months (*Id.*, Ex. 5). In denying the motion on June 25, 2019, the trial court treated the request for additional jail time credit as a motion filed under Rule 3.801, Fla.R.Crim.P., and stated that: 1) the Florida Rules of Criminal Procedure do not provide for motions to clarify; 2) the court had no authority over the Department of Corrections interpretation of Petitioner's sentence; 3) Petitioner could petition for the writ of mandamus in the Leon County Circuit Court if not satisfied with the Department's interpretation of the sentence; and 4) Petitioner was entitled to no additional jail credit because he waived any claim for additional credit under his plea agreement (*Id.*, Ex. 6). Petitioner did not appeal the denial of his motion.

On November 15, 2019, Susan Conley, Petitioner's mother, filed a motion in which she moved the trial court to reverse Petitioner's convictions and dismiss them because as the victim of Petitioner's offenses, she had a due process right under the Florida Constitution to choose to not prosecute Petitioner (*Id.*, Ex. 7). On December 3, 2019, Petitioner filed a "Motion and Response to Plaintiff's Motion Filed on Issues of Due Process" in which he stated he agreed with his mother's motion and argued he had "a fundamental due process right to be charged with [sic] the true and correct Plaintiff in this cause." (*Id.*, Ex. 8). In dismissing both "motions" on July 28, 2020, the trial court stated Susan Conley lacked standing to file a motion in the case because she

2

was neither a party nor an attorney, and Petitioner's motion raised no claim cognizable in a post-conviction motion under the Florida Rules of Criminal Procedure (*Id.*, Doc. 10). The dismissal of the motions was affirmed on appeal (*id.*, Ex. 14), and the appellate court mandate issued on July 7, 2021 (*Id.*, Ex. 15).

Petitioner's initial federal habeas petition was provided to prison officials for mailing on November 9, 2021 (Doc. 1-1).

## Discussion

### I. The Petition is untimely.

Respondent moves to dismiss the petition as time barred. (Doc. 15). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Section 2244(d)(1) provides:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

3

>by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of AEDPA, the relevant one-year limitations period applicable here runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). And under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Because Petitioner did not appeal his February 22, 2019 Judgment (*see* Doc. 15-2, Ex. 4), it became final on Monday, March 25, 2019, when the 30-day time for filing an appeal expired. *See* Fla.R.App.P. 9.140(b)(3); *Phillips v. Warden*, 908 F.3d 667, 671 (11th Cir. 2018) ("if the petitioner fails to timely pursue all available state relief on direct review, his conviction becomes final when the time for seeking review in the relevant state court expires."). The AEDPA statute of limitations started the next day, March 26, 2019.

It is unclear whether Petitioner's April 26, 2019 motion seeking clarification of his sentence and additional jail time credit is an "application for State post-conviction or other collateral review with respect to the pertinent judgment" under § 2244(d)(2),

sufficient to toll the one-year AEDPA limitations period. *Compare Barber v. Sec'y, Dep't of Corr.*, 2013 WL 4047012, at *3 (M.D. Fla. Aug. 9, 2013) ("In Florida, motions seeking credit for time served in jail . . . constitute[] an application for collateral review.") *with Goodloe v. Sec'y, Dep't of Corr.*, 823 F. App'x 801 (11th Cir. 2020) (holding that order granting Rule 3.801 motion does not result in new judgment that restarts AEDPA's limitations period).

Assuming a Rule 3.801 motion is an application for collateral review that can toll the limitations period, Petitioner's motion for jail credit did not toll the limitations period because it was not properly filed under state law. Rule 3.801(c) provides that "[t]he motion shall be under oath . . . ." Since the motion was filed without an appropriate oath (*see* Doc. 15-2, Exs. 5-6), it was not properly filed under state procedural rules and therefore had no tolling effect. *Cf. Jones v. Sec'y Fla. Dep't of Corr.*, 499 F. App'x 945, 950 (11th Cir. 2012) (holding "that a Rule 3.850 motion that did not contain the written oath required by Florida law was not 'properly filed' under § 2244(d)(2) and, thus, did not toll AEDPA's one-year limitations period." (citing *Hurley v. Moore*, 233 F.3d 1295, 1297–98 (11th Cir. 2000))). Therefore, assuming Petitioner's December 3, 2019 motion (*see* Doc. 15-2, Ex. 8) is an application for collateral review that can toll the limitations period, 252 days of the limitations period elapsed before Petitioner "properly filed" a post-conviction motion. The motion remained pending until July 7, 2021, when the mandate issued on the appeal of the denial of the motion (*Id.*, Ex. 15). *See Woulard v. Secy, Dep't of Corr.*, 707 F. App'x 631, 633 (11th Cir. 2017)

("In Florida, a state post-conviction motion is pending until the appropriate appellate court issues the mandate for its order affirming a state trial court's denial of the motion.").

Because Petitioner filed no other state post-conviction motions, he had 113 days, or until Thursday, October 28, 2021, to file a timely federal habeas petition. Thus, his initial Petition, constructively filed on November 9, 2021, was filed twelve days after the AEDPA limitations period had expired and is untimely. The Amended Petition is therefore time-barred.

**II. The Amended Petition warrants no relief on the merits.**

Even if Petitioner's Amended Petition is timely, he would not be entitled to relief. Petitioner raises three claims for relief:

1. The state trial court lacked jurisdiction over his case;

2. The victim's due process rights under both the Florida Constitution and U.S. Constitution were violated when the State prosecuted Petitioner after the victim informed the State that she did not wish to prosecute; and

3. Petitioner's due process right to be charged by the "true and correct Plaintiff" under the Florida Constitution and U.S. Constitution was violated.

(*See* Docs. 1, 6, 6-2, 15-2 at Exs. 7, 8).

To prevail on federal habeas review, Petitioner must show that the rejection of these claims were either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

6

States." 28 U.S.C. § 2254(d)(1). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014). Accordingly, "it is not 'an unreasonable application of' 'clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009); *see also Reese v. Sec'y, Fla. Dep't of Corr.*, 675 F.3d 1277, 1288 (11th Cir. 2012) ("The Supreme Court has reiterated, time and again, that, in the absence of a clear answer—that is, a holding by the Supreme Court—about an issue of federal law, we cannot say that a decision of a state court about that unsettled issue was an unreasonable application of clearly established federal law.").

### A. Ground One

Petitioner's first claim is that the state circuit court lacked jurisdiction to enter judgment or impose a sentence upon him in his criminal case. He contends that the State was the "plaintiff" in his criminal case and thus the state circuit court lacked jurisdiction because under Article III, Section 2, Clause 2 of the U.S. Constitution, only the Supreme Court of the United States has original jurisdiction over cases in which a state is a party. Article III, Section 2, Clause 2 provides that "[i]n all Cases . . . in which a State shall be Party, the supreme Court shall have original Jurisdiction." But "Article III does not apply to the states, so 'state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability.'" *Protect Our*

7

*Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 731 (7th Cir. 2020) (quoting *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 617 (1989)). And because Petitioner was charged with committing felonies and misdemeanors (*see* Doc. 15-2, Ex. 2), the state circuit court's jurisdiction was properly invoked. *See* Art. V, § 20(c)(3), Fla. Const. (the circuit courts in Florida have jurisdiction "of all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged"). Accordingly, Ground One warrants no relief.

### B. Ground Two

Petitioner's second claim is that victims have a due process right to not prosecute their perpetrators and thus the State violated his mother's, the victim, right to due process by charging and prosecuting Petitioner with the crimes he committed against her after she said she did not want Petitioner prosecuted. Initially, to the extent that Petitioner contends the State's actions violated the Florida Constitution, the claim is not cognizable on federal habeas review because it asserts no violation of a federal constitutional right. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A violation of state law is not a violation of the federal constitution and warrants no habeas relief. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam) ("It is clear from the foregoing statute that a habeas petition grounded on issues of state law provides no basis for habeas relief.").

To the extent that Petitioner contends that the State's actions violated due process under the U.S. Constitution, he has failed to show the state court's rejection of this claim was contrary to federal law. Petitioner provides no law supporting his contention that a victim has a federal due process right to decide to not have a perpetrator prosecuted. In fact, the Supreme Court has stated that private individuals "lack[ ] standing to contest the policies of the prosecuting authority" and "lack[ ] a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case . . . ." *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted). Accordingly, Ground Two warrants no relief.

### C. Ground Three

In Petitioner's third and final claim, he contends that he had a due process right "to be charged [by] the true and correct Plaintiff . . . ." He argues the victim of a crime is the true plaintiff, and "the State is neither the lawful Plaintiff [nor] lawful victim . . . ." (Doc. 15-2, Ex. 7 at docket p. 56).

In denying this claim, the state court stated:

> While crime victims are afforded certain rights and protections in Florida, they do not have the authority to determine whether criminal charges are filed, nor do they have the authority to "reverse and dismiss" a defendant's criminal convictions.

(*Id.*, Ex. 10 at docket p. 71).

Initially, as discussed above in Ground Two, to the extent that Petitioner contends the State violated his right to due process under the Florida Constitution, the claim is not cognizable on federal habeas review because it asserts no violation of a federal constitutional right. *See Estelle*, 502 U.S. at 67-68; *Branan*, 861 F.2d at 1508. And to the extent that Petitioner contends that the State violated his due process rights under the U.S. Constitution, he has failed to show the state court's rejection of this claim was contrary to federal law.

The State was the proper "plaintiff" in Petitioner's criminal case because it had sole authority to charge and prosecute Petitioner. *See Nixon*, 418 U.S. at 693 ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case . . . ."); *State v. Brosky*, 79 So. 3d 134, 135 (Fla. 3d DCA 2012) ("[T]he decision whether to prosecute or to dismiss charges is a determination to be made by solely the State."). And the victim of Petitioner's crimes was not the proper "plaintiff" because she had no authority to initiate a criminal prosecution against Petitioner. *See Stoll v. Martin*, 2006 WL 2024387, at *3 (N.D. Fla. July 17, 2006) ("No citizen has a right to institute a criminal prosecution." (citing *Linda R.S.*, 410 U.S. at 619)); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (a private citizen has no authority to initiate a criminal prosecution); *Saucer v. State*, 779 So. 2d 261, 262 (Fla. 2001) ("ordinarily only the State can initiate a criminal action."). Petitioner provides no law supporting his contention that he had a federal due process right to have the victim, rather than the State, initiate the prosecution against him. Ground Three therefore warrants no relief.

Accordingly:

1. The Amended Petition (Doc. 6) is **DENIED,** as Petitioner's claims are without merit.

2. The Clerk of the Court is directed to enter judgment against Petitioner.

3. If Petitioner appeals the denial of the Amended Petition, the Court denies a certificate of appealability. Petitioner has not made the requisite showing and, is therefore, not entitled to a certificate of appealability. Because the Court has determined that a certificate of appealability is unwarranted, Petitioner may not appeal *in forma pauperis*.

4. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 10, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of Record